Appellant, the widow and beneficiary of a trust created by the will of her husband, appeals from that part of a decree of the Surrogate’s Court of Orange County which construed the will insofar as it requires the consent of the widow to a sale or lease of the homestead and farm of the deceased to mean that so long as the widow is a tenant under a lease conforming to conditions set forth in the will, a sale or lease of the farm may not be made to another without her consent, but that her consent is not necessary upon and after relinquishment of possession by her, or her lawful ouster, eviction or dispossession. Decree of the Surrogate’s Court, Orange County, insofar as appealed from, unanimously affirmed, with costs, payable out of the estate, to all parties filing briefs on this appeal. The primary object of the testator’s bounty was his wife. By the will he devised and bequeathed his entire residuary estate to the trastees named therein, in trust, to hold and administer the same until the death of his wife, with a direction to pay her the whole of the net income during her life, and upon her death the residuary is devised to specified individuals or their issue. The whole will has to he considered in arriving at the testator’s intention when he provided that the trustees could sell or lease his homestead and farm, or part thereof, “ Conditioned solely upon the giving by my said wife of her consent in writing to such sale or to such lease * * The manifest purpose of the deceased was to provide his widow with an adequate amount for her support and comfort during her life, and to let her determine whether she would continue in possession of the homestead and such reasonable portion of the farm as the trustees in their “ absolute discretion” might think fit, or whether she would take the whole farm under a lease at a nominal rental of $1 for a term of years, with specified obligations, *1153 with the right to renew as long as she lives; or to stay out of possession of part or all of the farm. He fixed a minimum of $3,600 per annum which the trustees shall pay out of net income or by invasion of capital. After making provision for the trust estate and the disposition of the net income and the remainder, in the seventh paragraph, he directed that notwithstanding such provisions, and regardless of whether or not the widow took one or the other election given to her by the eighth paragraph, the trustees shall invade capital in the event that the net income shall fall short of $3,600 per annum. Such direction to invade capital is not accompanied by any condition that the widow should consent. No part of the capital is exempt by that provision from invasion if necessary to pay the widow $3,600 per annum. Although the testator hoped that ultimately a sportsman’s club would purchase the homestead and farm, he realized that it might become impracticable to hold the homestead and farm until such a purchaser appeared. He, therefore, advised the trustees and wife to hold the property only “so long as it may be deemed practicable so to do.” There is absent from the will any indication that the testator contemplated that the widow would some day purchase the property. He did intend that she should determine whether she would take possession of a part or of the entire farm on the terms fixed by the will within six months from his death; and she should determine how long she would remain in possession. It was necessary to protect her possession against the possibility that resort to the farm and homestead might become necessary in order to comply with the provisions of paragraph seventh of the will. There the testator had directed invasion of the capital of the trust fund if necessary whether the widow was in or out of possession. By the eighth paragraph he granted power to sell or lease all or part of the residuary other than the homestead and farm. With that power the trustees could invade the capital other than the homestead and farm. In the absence of some restraint the trustees in compliance with the direction in the seventh paragraph would have, if necessary, been able to resort to the homestead and farm without her consent even if she was in possession under a lease. The lease would have been subject to the exercise of the power to invade capital. To protect the possession it was necessary to limit the power to invade. Having provided for the election to take possession, the testator by the condition for the wife’s consent to a sale or lease of the farm. property, limited the direction given to the trustees to invade capital and excluded from its scope the homestead and farm or the part occupied by the widow so long as the widow was in possession thereof. If she did not elect to take possession or surrendered or lost possession by reason of her failure to comply with the terms of occupancy, her consent was not necessary. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.